LEVITON MANUFACTURING
CO., INC., Plaintiff,

v.

NICOR, INC., d/b/a Nicor Lighting
& Fans, Defendant.

and

Zhejiang Dongzheng Electrical Co.
Ltd., Defendant/Intervenor

and

Leviton Manufacturing
Co., Inc., Plaintiff,

v.

Harbor Freight Tools USA,
Inc., Defendant.

Nos. CIV 04–0424 JB/LFG,
Civ. 04–1295 JB/ACT.

United States District Court,
D. New Mexico.

April 20, 2007.

Larry S. Nixon, James T. Hosmer, Updeep S. Gill, Joseph A. Rhoa, Nixon & Vanderhye, P.C., Emil Kiehne, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, Barry G. Magidoff, Greenberg Traurig, LLP, New York, New York, for Plaintiff.

Albert A. Leon, Bauman, Dow & Leon, P.C., Albuquerque, New Mexico, for Defendant Nicor, Inc.

J. Douglas Foster, Foster & Reider, P.C., Albuquerque, New Mexico, Bryan G. Harrison, Morris, Manning & Martin, LLP, Atlanta, Georgia, for Defendant General Protecht Group Inc. f/k/a Zhejiang Dongzheng Electrical Co., Ltd.

DeWitt M. Morgan, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, Mark J. Rosenberg, Sills, Cummis, Epstein & Gross, P.C., New York, New York, for Defendant Harbor Freight Tools USA, Inc.

## MEMORANDUM OPINION AND ORDER

BROWNING, District Judge.

**THIS MATTER** comes before the Court on the Defendant's Motion to Exclude Supplemental Declaration of Jaime De La Ree and for Sanctions, filed April 2, 2007 (Doc. 312)("Exclusion Motion"). The primary issue is whether the Court should consider the Supplemental Declaration of Jaime De La Ree, dated March 27, 2007, in making its determination on the Defendants' Motion for Partial Summary Judgment of Non–Infringement of Claim 3 of U.S. Pat. No. 6,246,558, filed June 15, 2006 (Doc. 232). Because the Court finds that the Supplemental Declaration is untimely and violates rule 26(a)(2)(B), the Court will grant the Defendants' request that it not consider the Supplemental Declaration and a portion of their request to be paid the expenses they incurred as a result of the filing of the Supplemental Declaration.

### PROCEDURAL BACKGROUND

The Court's Second Amended Provisional Discovery Plan, filed July 13, 2006 (Doc. 237), required Plaintiff Leviton Manufacturing Company, Inc. to serve its expert report on infringement by July 21, 2006. *See id.* at 2. Accordingly, Leviton served the report of its infringement expert, Dr. Jaime De La Ree, on July 21, 2006. *See* Memorandum of Points and Authorities in Support of Defendants' Motion to Exclude Supplemental Declaration of Jaime De La Ree and for Sanctions, filed April 2, 2007 (Doc. 313)("Exclusion Memo"), Exhibit B, Rule 26 Expert Report of Jaime De La Ree, Ph.D., executed July 21, 2006 ("July 21 Expert Report"). De La Ree's July 21 report did not discuss infringement under the doctrine of

equivalents, or otherwise analyze the function of and structures in Defendant Zhejiang Dongzheng Electrical Company's device that are allegedly equivalent to those of the '558 Patent's Claim 3. *See id.* Specifically, while De La Ree's July 21, 2006 report described infringement of the reset means claim element by the use of equivalent structure, it did not identify that structure or provide the basis and reasons for such an opinion. *See id.*

The Court's October 4, 2006 Order modified the deadlines that the Court had established earlier and required Leviton to file its response in opposition to the Defendants' summary judgment motion by September 26, 2006. *See* Exclusion Memo, Exhibit C, Order, filed October 4, 2006 (Doc. 313)("October 4 Order"). Leviton had requested the modification, *see* Joint Motion for Extension of Time to Respond to Defendants' Motion for Partial Summary Judgment, filed September 15, 2006 (Doc. 246), and did not oppose the order. The October 4, 2006 Order required Leviton to serve its response by September 26, 2006. *See* October 4 Order at 2. Leviton served its response on that date. *See* Leviton Manufacturing Co., Inc.,'s Opposition to Defendants' Motion for Partial Summary Judgment of Non–Infringement of Claim 3 of U.S. Pat. No. 6,246,558, filed September 26, 2006 (Doc. 252)("Response").

Leviton attached to its response De La Ree's September 26, 2006 Declaration. *See* Response, Exhibit A. To the extent that De La Ree's September 26, 2006 Declaration addressed the doctrine of equivalents, it did so in conclusory terms. *See* Exclusion Memo, Exhibit D, Declaration of Jaime De La Ree, Ph.D., ¶ 17, at 7–8, dated September 26, 2006 ("September 26 Declaration"). The Declaration did not set forth, on a limitation-by-limitation basis, the function of and structures in the allegedly infringing device that are equivalent to those present in the claimed device. *See* September 26 Declaration.

Leviton and the Defendants, General Protecht Group, Inc. f/k/a Zhejiang Dongzheng Electrical Co. Ltd. ("Dongzheng"), Nicor, Inc. ("Nicor"), and Harbor Freight Tools USA, Inc. ("Harbor Freight")(collectively the "Defendants"), completed briefing on the motion for partial summary judgment on October 11, 2006, when the Defendants submitted their Reply. *See* Reply Memorandum of Points and Authorities in Further Support of Defendants' Motion for Summary Judgment of Non–Infringement of Claim 3 of U.S. Pat. No. 6,246,558, filed October 11, 2006 (Doc. 260)("Reply"). In their Reply, the Defendants contend that De La Ree's September 26, 2006 Declaration and July 21, 2006 report do not support, and that Leviton's interrogatory responses regarding its basis for an infringement claim do not contain, Leviton's arguments concerning the presence of equivalent structure to perform the reset means and reset contact means. *See* Reply at 12–13.

In particular, the Defendants argued in their Reply that Leviton's response failed to identify equivalent structure or to provide the evidentiary basis for its assertion that the accused Dongzheng device contains the equivalent structure to perform the reset contact means. *See id.* In the Reply, the Defendants also pointed out that, while Leviton's opposition included attorney argument on equivalents, neither De La Ree's September 26, 2006 Declaration, nor his July 21, 2006 report, contained evidence supporting the position of Leviton's attorneys. *See id.* & n. 10.

The Court originally scheduled the hearing on the Defendants' motion for summary judgment for February 27, 2007. *See* Notice of Hearing, filed January 18, 2007 (Doc. 298). Leviton requested that the Court postpone the hearing so that Paul Sutton, its attorney of thirty-five years, could argue the motion. *See* Expedited Motion for Change of Hearing Date, filed February 22, 2007 (Doc. 300). The Court granted Leviton's request. *See* Minute Order, filed February 26, 2007 (Doc. 304). Shortly after Leviton requested the postponement of the hearing, it replaced Mr. Sutton and his firm with the firm of Nixon & Vanderhye P.C. *See* Letter from Emil J. Kiehne to the Court (dated April 10, 2007), filed April 10, 2007 (Doc. 320); Notice of Entry of Appearance of Larry S. Nixon, filed March 30, 2007 (Doc. 308); Notice of Entry of Appearance of James T. Hosmer, filed

March 30, 2007 (Doc. 309); Notice of Appearance of Updeep S. Gill, filed April 2, 2007 (Doc. 310); Notice of Appearance of Joseph A. Rhoa, filed April 2, 2007 (Doc. 311).

On March 27, 2007, Leviton filed the Supplemental Declaration of Jaime De La Ree. Leviton did not seek leave to do so under local rule 7.6(b) or any other rule. According to De La Ree, the Supplemental Declaration was submitted to clarify opinions that he had expressed in his July 21, 2006 report and September 26, 2006 declaration. *See* Notice of Filing of Supplemental Declaration in Opposition to Defendants' Motion for Partial Summary Judgment of Non–Infringement of Claim 3 of U.S. Pat. No. 6,246,558, Exhibit I, Supplemental Declaration of Jamie De La Ree, Ph.D. ¶ 2, at 2 (dated March 27, 2007)("Supplemental Declaration"). De La Ree asserted that he needed to clarify his position because he became aware of a patent law principle that "he did not consider" in preparing his expert report or his September 26, 2006 declaration. *Id.,* ¶¶ 2–3, at 2. De La Ree devotes three paragraphs of the Supplemental Declaration to discussing the theory of infringement of which he recently became aware, *see id.,* ¶¶ 3–6, at 2–4; the remainder of the Supplemental Declaration provides a detailed explanation of the Dongzheng device's equivalent structure necessary to perform the reset means and reset contact means elements of Claim 3 of the '558 patent, *see id.,* ¶¶ 7–18, at 4–10.

On April 2, 2007, the Defendants submitted their Motion to Exclude Supplemental Declaration of Jaime De La Ree and for Sanctions. *See* Doc. 312. The Defendants move the Court to exclude the Supplemental Declaration and to sanction Leviton. The Defendants request that the Court exclude the Supplemental Declaration and sanction Leviton pursuant to rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure. *See* Exclusion Memo at 11.

### *LOCAL RULE 7.6(b)*

Under local rule 7.6(b), "[t]he filing of a surreply requires leave of the court." D.N.M.LR–Civ. 7.6(b). *See Weinstein v. U.S. Air Force,* 468 F.Supp.2d 1366, 1371 (D.N.M.2006)(Parker, J.)("Considering that [p]laintiffs' supplemental response is actually

a surreply, the Court notes that the [p]laintiffs filed the supplemental response without permission of the Court, thereby making it untimely and inappropriate.")(citing D.N.M.LR–Civ. 7.6(b)); *Shattuck v. Lucero,* No. CV:04–1287, 2005 WL 2295555, at \*1–2 (D.N.M. August 8, 2005)(Browning, J.)(applying local rule 7.6(b) and granting leave to file a surreply); *K.L. ex rel. Dixon v. Valdez,* 167 F.R.D. 688, 694 (D.N.M.1996)(Black, J.)(striking a "third response" as an unauthorized surreply in violation of local rule 7.6(b)).

### *RULE 6(d)*

Rule 6(d) of the Federal Rules of Civil Procedure, in relevant part, provides:

> A written motion ... shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. . . . When a motion is supported by affidavit, the affidavit shall be served with the motion; ... opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

Fed.R.Civ.P. 6(d). Pursuant to rule 6(b) of the Federal Rules of Civil Procedure, the Court may modify the timing parameters set forth in rule 6(d). *See* Fed.R.Civ.P. 6(b). Rule 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion [i] with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, [ii] upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . . .

Fed.R.Civ.P. 6(b). A court may consider a late filing a "motion made" for purposes of rule 6(b), but the party filing late still must show cause. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 895–97, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)(excluding untimely affidavits submitted in support of a response

528

to a summary judgment motion where cause for the late submission was not shown).

### RULE 16(b)

■ Rule 16(b), provides, in pertinent part:

> [T]he district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
>> [i] to join other parties and to amend the pleadings;
>>
>> [ii] to file motions; and
>>
>> [iii] to complete discovery.
>
> . . . .
>
> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . .

Fed.R.Civ.P. 16(f). Rule 16(b)'s good cause standard does not focus on the bad faith of the movant, or the prejudice to the opposing party. *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.,* No. CV:02–1509, 2005 WL 3663713, at *4, 2005 U.S. Dist. LEXIS 38975, at *6 (D.N.M. October 9, 2005)(Browning, J.)(quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C.1997)). Rather, it focuses on the diligence of the party seeking to modify the scheduling order. *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.,* 2005 WL 3663713, at *4, 2005 U.S. Dist. LEXIS 38975, at *6 (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. at 980). A court may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. at 980 (internal quotations omitted). "Where a party proposes amendments while dispositive motions are pending, a court should not allow an amendment whose purpose is to prevent termination of the case on a motion to dismiss or on summary judgment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.,* 2005 WL 3663713, at *4,

2005 U.S. Dist. LEXIS 38975, at *12 (citing *Schlacter–Jones v. Gen. Tel. of Cal.,* 936 F.2d 435, 443 (9th Cir.1991)).

### RULE 26(a)(2)(B)

Rule 26(a)(2)(B) requires that an expert witness prepare and sign a report to accompany their disclosure, and that the expert report include "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. . . ." Fed.R.Civ.P. 26(a)(2)(B). Pursuant to rule 26(e), a party is under a duty to supplement a rule 26(a)(2)(B) expert report "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties. . . ." Fed.R.Civ.P. 26(e).

■ Rule 26(e) does not allow a party to file supplements intended to "deepen" or "strengthen" its own expert's prior rule 26(a)(2)(B) report:

> [Rule] 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor" to facilitate discovery. Although [rule] 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report. . . .

*Beller v. United States,* 221 F.R.D. 696, 701 (D.N.M.2003)(Garcia, J.)(quoting *Resolution Trust Corp. v. Gregory,* No. CV:94–0052, (D.N.M.)(Kelley, J.)). At least one court has also rejected a party's attempt to file a new 26(a)(2)(B) report where the opposing party contended that the new report was substantially different than the earlier report, used a different analysis, and, in effect, changed the theory of the case. *See Beller v. United States,* 221 F.R.D. at 701 (citing *Council 31 AFL–CIO v. Ward,* No. 87C356, 1995 WL 549022, at *1–2 (N.D.Ill. September 12, 1995)).

## ANALYSIS

The Court finds that the Supplemental Declaration is both untimely and violates rule 26(a)(2)(B). Accordingly, the Court will not consider the Supplemental Declaration when it assesses the Defendants' summary judgment motion.

## I. THE SUPPLEMENTAL DECLARATION IS UNTIMELY.

█ The Defendants contend that Leviton's Supplemental Declaration is untimely under rule 6(d). *See* Exclusion Memo at 4–6. Despite the Court's orders requiring Leviton to file its expert report on infringement by July 21, 2006 and its response to the Defendants' summary judgment motion by September 26, 2006, Leviton argues that the Supplemental Declaration was timely filed. *See* Leviton's Opposition to Defendants' Motion to Exclude Supplemental Declaration of Jaime De La Ree and for Sanctions, filed April 10, 2007 (Doc. 319)("Exclusion Response"). According to Leviton, rule 6(d) permits it to file the Supplemental Declaration outside of the Court's ordered schedule. *See* Notice of Filing of Supplemental Declaration in Opposition to Defendants' Motion for Partial Summary Judgment on Non–Infringement of Claim 3 of U.S. Pat. No. 6,246,-558 at 2, filed March 27, 2007 (Doc. 307)("Notice").

Rule 6 does not permit a party, however, to make supplemental filings any time it chooses. The deadlines set forth in rule 6(d) are subject to modification by the Court. *See* Fed.R.Civ.P. 6(b) & (d). When, by the Federal Rules of Civil Procedure or by order of the Court, an act is required to be done within a specified time and that time has expired, the Court can, at its discretion, upon motion and for cause shown, modify the specified time period. *See* Fed.R.Civ.P. 6(b). Leviton did not file a motion requesting that the Court modify its scheduling orders. Moreover, to the extent that the Court may consider Leviton's Notice of Filing a motion to modify the Court's October 4, 2006 Order, the Court may still grant the motion only upon a showing of cause. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. at 895–97, 110 S.Ct. 3177 (excluding untimely affidavits submitted

in support of a response to a summary judgment motion where cause for the late submission was not shown); Fed.R.Civ.P. 6(b). Leviton has not shown cause; it has not shown that its failure to act within the Court's established time period resulted from "excusable neglect." Fed.R.Civ.P. 6(b). Similarly, Leviton cannot satisfy the requirements for scheduling order modification under rule 16(b), which requires a showing of good cause. *See* Fed.R.Civ.P. 16(f). Leviton has not demonstrated that the deadline here could not have been met despite diligence on its part. *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.,* 2005 WL 3663713, at *4, 2005 U.S. Dist. LEXIS 38975, at *6 (noting that the court can modify the schedule if the deadline cannot be met despite the diligence of the party seeking the extension).

De La Ree's Supplemental Declaration substantially modifies his July 21, 2006 report and September 26, 2006 Declaration. *See* Supplemental Declaration; July 21 Expert Report; September 26 Declaration. Furthermore, the Supplemental Declaration was filed more than eight months after De La Ree's report, *see* Supplemental Declaration, July 21 Expert Report, six months after De La Ree's declaration in opposition to the Defendants' summary judgment motion, *see* Supplemental Declaration, September 26 Declaration, and over five months after the closing of briefing on the Defendants' motion for partial summary judgment, *see* Supplemental Declaration, Reply. Leviton does not present evidence sufficient to show cause why it could not obtain earlier the information contained in the Supplemental Declaration. The Court believes that Leviton's patent counsel of thirty-five years likely understood the requirements for establishing the infringement of a means plus function claim. *See* Expedited Motion for Change of Hearing Date at 2.

For reasons unknown to the Court, Leviton did not address those requirements in its expert report or response to the Defendants' motion for summary judgment. Leviton proceeded as it did even though the Defendants raised the lack of equivalents issue in their summary judgment motion and in the expert declaration they attached to their summary

judgment motion. *See* Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment of Non–Infringement of Claim 3 of U.S. Pat. No. 6, 246, 558, filed June 15, 2006 (Doc. 233)("Summary Judgment Memo"); *id.,* Declaration of Richard J. Moss, PE (dated June 14, 2006)("Moss Declaration").

While the Court does not want to prejudge the summary judgment motion, the Supplemental Declaration appears to be an effort to create a material issue of fact. Leviton seems to be attempting, with De La Ree's Supplemental Declaration, to amend its response to the summary judgment motion before the Court can hear its motion to prevent termination of the case on summary judgment. The Court will not consider the untimely Supplemental Declaration for reasons similar to those that it used to decline the untimely amendment in *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs. See* 2005 WL 3663713, at *4, 2005 U.S. Dist. LEXIS 38975, at *6 ("Where a party proposes amendments while dispositive motions are pending, a court should not allow an amendment whose purpose is to prevent termination of the case on a motion to dismiss or on summary judgment.").

## II. THE SUPPLEMENTAL DECLARATION IS NOT AN UNAUTHORIZED SURREPLY.

■ The Defendants contend, pursuant to local rule 7.6(b), that the Supplemental Declaration is an unauthorized surreply. *See* Exclusion Memo at 6–7. The Defendants argue that most of the Supplemental Declaration is devoted to rebutting arguments that they made in their summary judgment motion. *See id.* The Defendants submit that the Supplemental Declaration does not respond to an issue raised in their Reply, and that, rather, it responds to their Reply's highlighting of the lack of evidence in Leviton's response to the motion for summary judgment. *See id.*

The Court acknowledges that the Defendants' summary judgment motion contains detailed evidence concerning a lack of equivalents for purposes of 35 U.S.C. § 112 ¶ 6. *See* Moss Declaration ¶¶ 28–35, at 10–11. The Court also notes that Leviton's response to the Defendants' summary judgment motion did not contain much, if any, evidence rebutting the Defendants' doctrine-of-equivalents arguments. *See* Response. Moreover, the Court recognizes, that, in their Reply, the Defendants noted Leviton's failure to oppose the request for summary judgment using evidence regarding the doctrine of equivalents, and similarly noted that Leviton's interrogatory responses also lacked any analysis of the equivalents issue as a basis for its infringement claim. *See* Reply at 12–13 & n. 10.

Nevertheless, because the Supplemental Declaration was submitted alone, without accompanying legal analysis or argument, the Court does not believe that the Supplemental Declaration constitutes an inappropriate surreply. Accordingly, even though Leviton did not seek the Court's leave to file the Supplemental Declaration, the Court will not base its order excluding the Supplemental Declaration on the surreply issue.

## III. THE SUPPLEMENTAL DECLARATION VIOLATES RULE 26(a)(2)(B).

■ The Defendants argue that the Supplemental Declaration violates the Federal Rules of Civil Procedure, because, pursuant to rule 26(a)(2)(B), De La Ree's July 21, 2006 report should have contained a "complete statement of all [the] opinions" he would be expressing. Fed.R.Civ.P. 26(a)(2)(B); Exclusion Memo at 7–8. In particular, the Defendants contend that, whereas De La Ree's expert report does not identify structure or basis to support a doctrine of equivalents based claim, his Supplemental Declaration focuses extensively of those issues. *See id.* The Defendants also maintain that De La Ree's July 21, 2006 report does not contain the theory of infringement presented in paragraphs three through six of the Supplemental Declaration. *See id.*

In *Beller v. United States,* the court excluded a supplemental expert report where the report was filed after the court's ordered deadline, the filing party did not seek or obtain leave of the court to modify case management deadlines, and opinions contained in the supplemental report differed

from those in the earlier report. *See* 221 F.R.D. at 702. The *Beller* court noted that the purpose of rule 26(a)(2)(B) is the " 'elimination of unfair surprise to the opposing party and the conservation of resources,' " and held that, even though the supplemental report had been given to the opposing party before trial and the offering party had made the expert available to be re-deposed, the supplemental expert report should be excluded. *See id.* at 700–01 (citing and quoting *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir.1995)). The Court in *Beller v. United States* also ruled that the supplemental report could not come in under rule 26(e). *See* 221 F.R.D. at 701–02. The *Beller* court noted that the party submitting the supplemental report did not contend that newly discovered information had made the original report incorrect, that the submitting party did not rebut the opposing party's assertion that the supplemental report differed significantly from the original and, in effect, altered the theory of the case, and that rule 26(e) does not give " 'license to sandbag one's opponent with claims and issues which should have been included in the expert witness' [original] report.' " *Id.* (quoting *Resolution Trust Corp. v. Gregory*, No. CV:94–0052, (D.N.M.)(Kelley, J.)).

Applying reasoning similar to that articulated in *Beller v. United States*, the Court finds that admission of De La Ree's Supplemental Report would violate rule 26(a)(2)(B), and that rule 26(e) cannot properly be employed here to secure the Supplemental Report's introduction. As in *Beller v. United States*, Leviton filed the Supplemental Declaration after court-imposed deadlines had passed and without seeking or obtaining leave of the Court to do so. *See* Doc. 312; Doc. 237. Also, not unlike the circumstances presented in *Beller v. United States*, the Supplemental Declaration differs from De La Ree's July 21, 2006 report. *See* Supplemental Declaration; July 21 Expert Report. Further, like the submitting party in *Beller v. United States*, Leviton has not contradicted the Defendants' assertion that the Supplemental Declaration is significantly different from the July 21, 2006 expert report and that it, in effect, alters Leviton's theory of the case. Nor has Leviton shown that supple-

mentation is required, under rule 26(e), because new information makes the July 21, 2006 report incorrect. The Court thus concludes that, despite rule 26(e)'s language, the filing of the Supplemental Declaration violated rule 26(a)(2)(B), and that the Court should not consider the Supplemental Declaration for that additional reason.

 Because the Court finds that the Supplemental Declaration was untimely filed and violated rule 26(a)(2)(B), the Court will grant the Defendants' request that the Supplemental Declaration be excluded. There is nothing in the rules that requires the Court to abandon the schedule the parties created and the Court entered—even if, with considerable effort, reimbursement, and re-briefing, prejudice can be eliminated—merely because new counsel want to present new expert theories. With respect to the Defendants' request for sanctions, pursuant to rule 16(f), the Court will require Leviton to pay the reasonable expenses, including attorney's fees, the Defendants' incurred in bringing their motion to exclude, because that action followed in response to Leviton's untimely introduction of the Supplemental Introduction. *See* Fed. R.Civ.P. 16(f) ("If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified. . . ."). The Court will not require Leviton to pay the Defendants' expenses and fees incurred in re-deposing De La Ree. Leviton offered the Defendants the deposition of De La Ree in a good-faith effort to mitigate any prejudice to the Defendants, and has offered to do other things—such as pay for the Defendants' cost of filing its Reply—to eliminate any prejudice. There does not appear to be a good reason for the Court to require Leviton to pay the Defendants' costs of re-deposing De La Ree given that the Court has protected their rights with the order and because it appears to have been taken largely as a protective measure in case the Court did not grant their motion.

IT IS ORDERED that Defendant's Motion to Exclude Supplemental Declaration of Jaime De La Ree and for Sanctions is granted in part and denied in part. The Court will not exclude or strike the Supplemental Declaration from the record, but will not consider it when it rules on the pending summary judgment motion. The Court will require Leviton to pay the Defendants' expenses incurred in bringing this motion, but will not require Leviton to reimburse the Defendants' expenses incurred in re-deposing Leviton's expert, Jaime De La Ree.